Saul Schlenoff, d/b/a S. S. Jobbing House v. Commissioner.
Schlenoff v. Commissioner
Docket No. 48618.
United States Tax Court
T.C. Memo 1954-200; 1954 Tax Ct. Memo LEXIS 46; 13 T.C.M. (CCH) 1057; T.C.M. (RIA) 54306; November 24, 1954, Filed *46 John J. Madden, Esq., and S. Jarvin Levison, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: For the years 1942-1946, inclusive, the Commissioner has determined and made claim for deficiencies in income tax and penalties under section 293(b) of the 1939 Code as are set forth in the following schedule. By amendment to his answer, the Commissioner, under section 272(e), has made claim for increases in the deficiencies and penalties. The amounts set forth below include the increased amounts of deficiencies and penalties for which the Commissioner has made claim. Penalties under
Year
Deficiencies
Sec. 293(b)
1942
$ 3,200.43
$ 1,600.22
1943
1,621.47
810.74
1944
27,153.70
13,576.85
1945
51,048.45
25,524.23
1946
18,494.48
9,247.24
Findings of Fact The petitioner is a resident of New York City. He filed returns for the years involved with the collector for the second district of New York. The petitioner carried on a business in New York City of buying and selling electrical goods during the years involved. He carried on his business under the name of S. S. Jobbing House. Petitioner *47 made sales of merchandise in 1943, 1944, 1945, and 1946 in the total amounts of $3,229.49, $40,033.50, $62,850.52, and $25,644.18, respectively, which were neither entered in his books of account nor included in gross receipts in his income tax returns. During the years 1943-1946, inclusive, the petitioner consistently followed the practice, with respect to his unrecorded and unreported sales, of requiring vendees to make payments, for merchandise which petitioner sold to them, by checks made payable to "cash". Such checks were cashed for petitioner by various check cashing concerns, but the proceeds of such checks were not entered on petitioner's books, and they were not reflected in his returns. The Commissioner's agents, in the course of an investigation of petitioner's income tax liability, located the check cashing concerns which had cashed checks for petitioner; and they also located the customers who had given their checks, made payable to "cash", in payment for purchases from petitioner. The agents determined the amounts of petitioner's unreported sales in the years 1943-1946, inclusive, as set forth above, from the records of check cashing concerns, from the records of *48 vendees, and from cancelled checks of vendees. During the years 1942-1946, inclusive, the petitioner maintained savings accounts in several savings banks in New York City. Interest was credited to these savings accounts in each of the taxable years in the amounts set forth below. None of the interest earned by the accounts was recorded in petitioner's books of account; all of the interest, set forth below, was omitted from petitioner's income tax returns: Interest Omitted
Year
From Returns
1942
$632.51
1943
710.93
1944
700.97
1945
657.45
1946
580.84
By amended answer, the Commissioner has asserted that petitioner willfully and fraudulently failed to report interest income in the above amounts in his income tax returns. He has made claim for increases in the deficiencies and penalties on the basis of these additional amounts of income. In his return for 1942, the petitioner overstated the amounts of his purchases and the amounts of his freight expenses by the sums of $3,347.06 and $3,923.78, respectively. In determining the deficiency for 1942, the respondent properly disallowed deductions of the above amounts. Also, in his return for 1942, the petitioner *49 deducted $363.57 for alleged medical expenses. Petitioner has failed to substantiate the alleged medical expense deduction. The deduction properly was disallowed. In his return for 1944, petitioner deducted $751.73 as an expense for the payment of alleged interest. Respondent determined that the alleged interest expense was fictitious, and disallowed the deduction. Petitioner has failed to substantiate the alleged interest expense. Respondent properly disallowed the deduction. Petitioner had a brokerage account with Fahnestock & Co. in New York City during 1945 and 1946. This account shows that petitioner bought and sold securities during 1945 and 1946. Petitioner had a brokerage account in 1946 with Neuberger & Berman in New York City. This account shows that petitioner bought securities during 1946. In 1945 and 1946, petitioner received dividends in the amounts of $100 and $433.50, respectively, which were not reported in his returns for 1945 and 1946. In 1946, petitioner sustained a capital loss, recognizable for tax purposes in the amount of $325.92, for which he failed to take a capital loss deduction. Respondent has allowed petitioner a capital loss deduction of $325.92 *50 for 1946. In his returns for 1945 and 1946, petitioner took deductions in the amounts of $3,785 and $3,451.66, respectively, as expenses for payments of alleged interest. Respondent disallowed the deductions; he determined that the alleged interest expenses were fictitious. Petitioner has failed to substantiate the alleged interest expenses. Respondent properly disallowed the deductions. Petitioner kept accounting records. However, the accounting records were incomplete and did not reflect his true income for each of the years involved. Petitioner failed to enter all of his receipts of income in his accounting books. Petitioner's returns for the taxable years reflected his incomplete and inaccurate accounting records. Understatements of income in petitioner's returns corresponded to omissions of receipts of income from the accounting records. The amounts of net income for 1942, 1944, 1945, and 1946, and the amount of victory tax net income for 1943, which petitioner reported in the returns which he filed, are as follows: Year
Net Income Reported
1942
$ 8,360.01
1943
9,556.00
1944
12,160.70
1945
20,037.30
1946
20,866.71
In his income tax returns for *51 1942, 1943, 1944, 1945, and 1946, petitioner's income was understated by the amounts of $8,266.92, $3,940.42, $41,486.20, $67,392.97, and $29,784.26, respectively. These understatements of income comprise the following: 1942
Unsubstantiated medical expense,
disallowed
$ 363.57
Unreported interest
632.51
Overstated purchases, disallowed
3,347.06
Unsubstantiated freight expenses,
disallowed
3,923.78
$8,266.92
1943
Unreported sales
$3,229.49
Unreported interest
710.93
$3,940.42
1944
Unreported sales
$40,033.50
Unreported interest
700.97
Fictitious interest, disallowed
751.73
$41,486.20
1945
Unreported sales
$62,850.52
Unreported interest
657.45
Unreported dividends
100.00
Fictitious interest, disallowed
3,785.00
$67,392.97
1946
Unreported sales
$25,644.18
Unreported interest
580.84
Unreported dividends
433.50
Fictitious interest, disallowed
3,451.66
$30,110.18
Capital loss, allowed
- 325.92
$29,784.26
Petitioner's corrected net income for 1942, 1944, 1945, and 1946, and his corrected victory tax net income for 1943, are as follows: Year
Corrected Net Income
1942
$16,626.93
1943
13,496.42
1944
53,646.90
1945
87,430.27
1946
50,650.97
*52 Saul Schlenoff was indicted by the Grand Jury in the United States District Court of the Southern District of New York. The Grand Jury charged Saul Schlenoff with income tax evasion for the calendar years 1944, 1945, and 1946, and with filing and causing to be filed false and fraudulent income tax returns for those years. On April 26, 1951, Saul Schlenoff was convicted by the United States District Court for the Southern District of New York, upon his plea of guilty, of the offense of willfully and knowingly attempting to defeat and evade a large part of income tax due and owing to the United States for the years 1944, 1945, and 1946. The court imposed a fine under each count of the indictment. The income tax returns of the petitioner for 1942, 1944, 1945, and 1946, and his income and victory tax return for 1943, were false and fraudulent with intent to evade taxes. At least part of the deficiency in income tax for each of the years 1942, 1944, 1945, and 1946, and at least part of the deficiencies in income and victory taxes for 1943, are due to fraud with intent to evade tax. Opinion Upon the petitioner rested the burden of proving that the Commissioner erred in his determinations *53 which have given rise to the tax deficiencies. Petitioner failed to appear. He failed to submit proof in support of the allegations set forth in his petition. Upon the request of the respondent, this Court issued a subpoena duces tecum to the petitoner, Saul Schlenoff, commanding him under penalty of law to appear before this Court during the trial of this proceeding, and to bring with him all books and records pertaining to income and expenses of the business conducted under the name of "S. S. Jobbing House" during the calendar years 1942 to 1946, inclusive. Service of the subpoena was made upon Saul Schlenoff. Saul Schlenoff failed to comply with the subpoena; he did not appear before this Court. Upon petitioner's failure to prosecute, and upon his default, it is held that petitioner realized taxable net income for each of the years 1942-1946, inclusive, in the amounts originally determined by the Commissioner. The deficiencies as originally determined are sustained. With respect to the affirmative pleading of the respondent that petitioner realized additional income from interest in each of the taxable years, respondent has the burden of proof. He submitted competent evidence *54 which proves that petitioner realized income from accrued and credited interest in each of the taxable years in the amounts determined by the respondent. Accordingly, respondent is sustained as to the additional deficiencies in tax. The respondent has the burden of proving that all of part of the deficiency in tax for each year is due to fraud with intent to evade tax. Fraud must be proved by clear and convincing evidence. Respondent has presented ample evidence to carry his burden of proof. Such evidence proves clearly and convincingly that at least part, if not all, of the original and of the increased deficiency in income tax for each of the taxable years is due to fraud with intent to evade tax. Petitioner failed to present any evidence. The fraud penalties are sustained. Decision will be entered for the respondent.